**FILED**

MAY 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAGHURAM THAMMINENI,
2404 E. Nutwood Avenue,
Apartment I-14,
Fullerton, CA  92831

      Plaintiff,

  v.

MICHAEL CHERTOFF, Secretary, U.S.
Department of Homeland Security, in
his official capacity as well as his
successors and assigns,
245 Murray Lane,
Building 410,
Washington, D.C.  20528,

      and

JONATHAN SCHARFEN,
Acting Director, U.S. Department of
Homeland Security, U.S. Citizenship
and Immigration Services, in his
official capacity, as well as his
successors and assigns,
20 Massachusetts Avenue, N.W.,
Washington, DC  20529,

      and

GERARD HEINAUER, Director,
Nebraska Service Center,
U.S. Department of Homeland
Security, U.S. Citizenship and
Immigration Services, in his official
capacity as well as his successors
and assigns,
850 S Street,
Lincoln, NE  68501

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT FOR WRIT OF
MANDAMUS AND FOR EQUITABLE
RELIEF**

CIVIL ACTION NO.

ALIEN NO.  A98 510 317

AGENCY CASE NO. LIN0500950352

REQUEST FOR ORAL ARGUMENT


Case: 1:08-cv-00925
Assigned To : Sullivan, Emmet G.
Assign. Date : 5/30/2008
Description: Admn. Agency Review

1

## COMPLAINT FOR WRIT OF MANDAMUS
## AND EQUITABLE RELIEF

**To the Honorable Judges of Said Court:**

COMES NOW, Plaintiff, Raghuram Thammineni, through his undersigned counsel, and alleges as follows:

## I. INTRODUCTION

1.      This is a civil action seeking mandamus and equitable relief based upon the failure of the Department of Homeland Security ("DHS") and the United States Citizenship and Immigration Services ("USCIS") to complete Plaintiff's background security checks, which has unreasonably delayed any adjudication of the I-485 Application for Adjustment of Status, which was filed by Plaintiff, pursuant to §245 of the Immigration and Nationality Act, 8 U.S.C. §1255 ("INA"), on **October 6, 2004**. *See*, Affidavit of Raghuram Thammineni, dated May 5, 2008, a copy of which is attached and incorporated hereto as "Exhibit A."

2.      Plaintiff seeks to compel Defendants DHS Secretary Michael Chertoff and USCIS Acting Director Jonathan Scharfen, and those acting under their direction, to complete Plaintiff's background security clearance, which is required before the USCIS can adjudicate this I-485 Application, pursuant to §245 of the INA, the Mandamus and Venue Act (28 U.S.C. §1361) ("Mandamus Act"), 8 U.S.C. §1101 (INA), 8 U.S.C. §1571 ("The Immigration Services and Infrastructure Improvements Act of 2000"), and the Administrative Procedures Act (5 U.S.C. §551 and §701, et seq.) ("APA").

3.      Attorneys fees and costs are entitled to Plaintiff pursuant to the Equal

1

Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq.*[1]

## II. PARTIES

4.    Plaintiff, Raghuram Thammineni, is an adult individual who is a national of India and resides lawfully in the United States. He resides at 2404 E. Nutwood Avenue, in apartment I-14, in Fullerton, California 92831. *See,* Exhibit A.

5.    Michael Chertoff is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns. He is generally charged with protecting the U.S. from foreign and domestic threats and with the enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the USCIS, which is an agency within the DHS.

6.    Jonathan Scharfen is the Acting Director of the USCIS, who is named herein only his official capacity, as well as his successors and assigns. He is generally charged with the implementation of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the USCIS.  USCIS is specifically assigned the adjudication of adjustment of status applications.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529.

7.    Defendants Chertoff and Scharfen are federal officers and agency heads who perform a significant amount of their official duties in the District of Columbia.

8.    Gerard Heinauer is the District Director of the Nebraska Service

---

[1] *See,* Elkhatib v. Bulger, 2006 U.S. Dist. LEXIS 60485 (S.D. Fla. 2006) (fees granted after a plaintiff succeeded in his mandamus action seeking to compel the USCIS to adjudicate his adjustment application) and Aboushaban v. Mueller, 2007 U.S. Dist. LEXIS 15402 (N.D. Cal. 2006) (fees granted after the Court granted a plaintiff's writ of mandamus and ordered the USCIS to adjudicate his adjustment application).

Center ("NSC") of the USCIS and is named herein only in his official capacity, as well as his successors and assigns. The Adjustment Application in question was properly filed on Plaintiff's behalf with the NSC, and that office has retained his application for over three and one-half (3.5) years without adjudication.   USCIS, through its headquarters in Washington, D.C., any of its four (4) service centers, National Benefits Center, numerous Field Offices, numerous Sub-Offices and Application Support Centers, has a mandatory duty to act on this delayed I-485 Adjustment of Status Application within a reasonable period of time.

## III. JURISDICTION

9.    This Honorable Court has subject matter jurisdiction over this Complaint under the Constitution and laws of the United States, including the Fifth Amendment to the U.S. Constitution,[2] provisions of Title 8 U.S.C. §1101, *et seq.* (INA), 8 U.S.C. §1571 ("The Immigration Services and Infrastructure Improvements Act of 2000"), 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1361 (Mandamus Act), 28 U.S.C. §1651 (All Writs Act) as well as under 5 U.S.C. §555 and 701, *et seq.* (APA).   Relief is requested pursuant to the U.S. Constitution and these statutes.

10.    When Congress enacted The Immigration Services and Infrastructure Improvements Act of 2000, it set the period of one-hundred-and-eighty days (180) as the normative expectation for the government to complete the processing of an immigrant benefit application.   This 180 day period, which begins upon the initial filing of the application, is considered a **reasonable processing time**.    *See*, 8 U.S.C. §1571 and Konchitsky v. Chertoff, 2007 U.S. Dist. LEXIS 53998 at 11-15

---

[2] The U.S. Supreme Court reminds us that, "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *See*, Zadvydas v. Davis, 533 U.S. 678, 679 (2001)

(N.D. Cal. July 13, 2007)

11.    **Plaintiff's I-485 Application has therefore been pending three (3) years longer than is considered reasonable** under 8 U.S.C. §1571.

12.    This action is filed in response to unreasonable agency delay and failure to complete Plaintiff's background security checks, which has unreasonably prevented the adjudication of Plaintiff's Adjustment Application, in violation of the APA.  Plaintiff merely seeks to compel DHS and USCIS action on an unreasonably delayed internal background check.

13.    There are no administrative remedies available to Plaintiff to redress his grievances described herein.  As described more fully below, Plaintiff has contacted the USCIS' Nebraska Service Center, U.S. Senator Diane Feinstein, and U.S. Senator Barbara Boxer.

14.    Plaintiff's instant action challenges only the reasonableness of Defendants' delay or inaction in the completion of his background security screening, not the grant or denial of the I-485 Application; therefore, the jurisdictional limitations of 8 U.S.C. §1252 do not apply.

15.    This Court, in an opinion by U.S. District Judge Emmet G. Sullivan, has specifically held that it has subject matter jurisdiction to hear a similar cause of action under the APA filed by an alien whose I-485 adjustment application had been pending since July 23, 2003.  *See*, Liu v. Novak, 509 F.Supp. 2d 1, 13 (D.D.C. Aug. 30, 2007)

16.    As noted in Judge Sullivan's opinion, there is significant district court authority holding that subject matter jurisdiction is appropriate for judicial review of an **agency's failure to take action** or to review the pace of adjustment application

processing. Id., at 11-12. *See also*, Tang v. Chertoff, 2007 U.S. Dist. LEXIS 64022 at *14-19 (E.D. Ky. Aug, 29, 2007) (**granting a preliminary injunction and writ of mandamus** after finding that USCIS had a non-discretionary duty to process plaintiff's I-485 applications); Xu v. Chertoff, 2007 U.S. Dist. LEXIS 55215 at *2 (E.D. Mich. July 31, 2007) (duty to process I-485 applications within a reasonable time is a **non-discretionary duty** imposed by the APA and reviewable through the mandamus statute); Yan Yang v. Gonzales, 2007 U.S. Dist. LEXIS 42143 at *6 (S.D. Oh. June 11, 2007) (a complaint invoking the court's **mandamus jurisdiction** to compel resolution of I-485 application was appropriate); Song v. Klapakas, 2007 U.S. Dist. LEXIS 27203 at *10 (E.D. Pa. April 12, 2007) (**mandamus jurisdiction** is appropriate because defendants owe plaintiffs a **non-discretionary duty** to act on their adjustment of status applications in a reasonable time); Saleem v. Keisler, 2007 U.S. Dist. LEXIS 80044 at *37 (W.D. Wisc. Oct. 26, 2007) (USCIS ordered to adjudicate adjustment application within 60 days; Jin v. Heinauer, 2007 U.S. Dist. LEXIS 89214 at *12-13 (S.D. Ohio Dec. 4, 2007) (USCIS ordered to adjudicate adjustment application within 90 days); Gershenzon v. Gonzales, 2007 U.S. Dist. LEXIS 68600 (W.D. Pa. Sept. 17, 2007) (motion to dismiss denied where USCIS had not adjudicated an adjustment application for more than three years due to an incomplete FBI NNCP screening); Liu v. Chertoff, 2007 U.S. Dist. LEXIS 50173 (E.D. Cal. July 11, 2007) (two-and-a-half year delay); Okunev v. Chertoff, 2007 U.S. Dist. LEXIS 53161 (N.D. Cal. July 11, 2007) (more than a three year delay); Quan v. Chertoff, 2007 U.S. Dist. LEXIS 44081 (N.D. Cal. June 7, 2007) (unreasonable delay); Singh v. Still, 470 F.Supp. 2d 1064, 1072 (N.D. Cal. 2007) (nearly a four year delay); Aboushaban v. Mueller, 2006 U.S. Dist. LEXIS 81076 (N.D. Cal. 2006)

(an approximate eight year delay); <u>Salehian v. Novak</u>, 2006 U.S. Dist. LEXIS 77028

(D. Conn. 2006) (two year delay); <u>Duan v. Zamberry</u>, 2007 U.S. Dist. LEXIS 12697

(W.D. Pa. Feb. 23, 2007) (more than a one year delay); and <u>Jones v. Gonzales</u>,

2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) (delays of two and three

years).


## IV. VENUE

17.     Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(e)(1)

because:

a.     Defendant Secretary Michael Chertoff is an officer of the DHS

and is responsible for the operation of the DHS and USCIS, which are

headquartered in the District of Columbia.[3]    Defendant Chertoff performs a

significant amount of his official duties in the District of Columbia and resides, for

purposes of venue, within the District of Columbia;

b.     Defendant Jonathan Scharfen is an officer of the Department

of Homeland Security and is the Acting Director of the USCIS, which is

headquartered in the District of Columbia.    Defendant Scharfen performs a

significant amount of his official duties in the District of Columbia and resides, for

purposes of venue, within the District of Columbia;

c.     Defendant Heinauer is an officer of the Department of

Homeland Security and USCIS who retains jurisdiction over the I-485 Application in

---

[3] It is well-established precedent in this Court that, "When an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." <u>Jyachosky v. Winter</u>, 2006 U.S. Dist. LEXIS 44399 at 12, hn. 6 (D.D.C. June 29, 2006), citing to <u>Bartman v. Cheney</u>, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. § 1391(e))

question, subject to the discretion of Defendant Scharfen, who resides in the District of Columbia;

d.    A substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred within the offices of the DHS and USCIS, which are both headquartered in the District of Columbia; and

e.    Judicial economy and the interests of justice warrant that Plaintiff's action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the discretion of their Agency Director or Secretary who are similarly located within the District of Columbia.

18.    Due to the decentralized nature of USCIS case processing, which allows for the transfer of immigrant benefit applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.


## V. STATEMENT OF FACTS


### A. Eligibility for Immigrant Alien Worker benefits

19.    On October 6, 2004, Plaintiff filed an I-485 Application for Adjustment of Status with the NSC, pursuant to §245 of the INA, 8 U.S.C. §1255. *See*, USCIS Form I-797C, dated October 6, 2004, a copy of which is attached and incorporated hereto as "Exhibit B."

20.    Plaintiff properly filed his Adjustment Application with the NSC. It is the duty of the USCIS to timely adjudicate this petition.

21.    Plaintiff has complied with all requests made by the USCIS to complete all necessary steps for the adjudication of his Adjustment Application. He has provided all of the information requested by the USCIS and has complied with all notices.

**B. USCIS and FBI Security Checks**

22.    Once an Application for Adjustment of Status is filed, the DHS and USCIS must conduct mandatory criminal and national security background checks before an adjudication of the petition is possible.

**C. Exhaustion of Administrative Remedies**

23.    Plaintiff, by himself and through legal counsel, has made repeated inquiries regarding the status of his I-485 Application for Adjustment of Status. Plaintiff was advised in writing on several occasions that that the adjudication of the Adjustment Application was delayed because of the absence of the required security checks and has remained delayed for lack of the security check clearances. *See*, USCIS NSC Emails dated March 27, 2007 and October 19, 2007, copies of which are attached and incorporated hereto as "Exhibit C" and "Exhibit D."

24.    Plaintiff contacted the USCIS National Customer Service line numerous times between October 2004 and the present, but was informed that his Adjustment Application was delayed due to USCIS security checks. *See*, Exhibit A.

25.    Plaintiff contacted U.S. Senator Barbara Boxer several times to request assistance with expediting the adjudication of his Adjustment Application. Senator Boxer acknowledged Plaintiff's request and provided updates from the USCIS that simply indicated a delay due to background checks. *See*, Letters from U.S. Senator Barbara Boxer, dated March 15, 2007; and February 9, 2008, copies of which are attached and incorporated hereto as "Exhibit E" and "Exhibit F."

26.    Plaintiff also wrote to U.S. Senator Diane Feinstein regarding the

8

delay in the adjudication of the Adjustment Application in question. Senator Feinstein contacted the USCIS on Plaintiff's behalf and was informed that Plaintiff's Adjustment Application was pending due to USCIS background security checks. *See*, Letters from U.S. Senator Diane Feinstein, dated May 25, 2007; June 15, 2007; and December 14, 2007, copies of which are attached and incorporated hereto as "Exhibit G" through "Exhibit I."

**D. Plaintiff's Mandamus Action**

27.     In order to obtain relief under the Mandamus Act, Plaintiff must establish that (1) his claim is "clear and certain;" (2) the duty owed is "ministerial and so plainly prescribed as to be free from doubt;" and (3) that no other adequate remedy is available. *See*, <u>Patel v. Reno</u>, 134 F.3d 929, 931 (9th Cir. 1997)

28.     Plaintiff has demonstrated that his claim for relief from the DHS' and USCIS' inaction is clear and certain in that there is no legal authority for the USCIS to justify its inaction or to refuse to complete his internal background security check.

29.     The USCIS' duty to complete Plaintiff's security check is purely ministerial in nature and so plainly prescribed by internal procedures that the Agency's duty is free from doubt.

30.     Plaintiff's exhaustion of remedies, as described above, shows that there is no other adequate remedy available to him.

**VI. INJURIES TO PLAINTIFF**

31.     Plaintiff is adversely affected by the Defendant DHS' and USCIS' inaction described above in that his ability to travel abroad and work is restricted during the pendancy of his I-485 Application period.   Until his USCIS background security check is completed, Plaintiff must annually apply and pay for special travel permission and work authorizations.

32.     Plaintiff has lost a significant amount of work time while pursuing the

adjudication of his Application for Adjustment of Status, including but not limited to, making inquiries to the USCIS, meeting with his attorneys, and applying for annual work authorization renewals.

33.    Due to Defendant USCIS' inaction described above, Plaintiff's future naturalization (to become a U.S. Citizen) has been delayed.

## VII. GROUNDS FOR RELIEF

34.    Defendants DHS' and USCIS' inaction and refusal to complete Plaintiff's security checks is both arbitrary and capricious, as the DHS and USCIS have a **mandatory, non-discretionary** duty, as required by law, to complete this process. 5 U.S.C. §701, 702 and 706, et seq. and 5 U.S.C. §555.

35.    Defendants DHS' and USCIS' inaction is a violation of the APA in that the agencies unlawfully withheld or unreasonably delayed action on Plaintiff's background security check.

36.    The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(I).

37.    Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. §1361.

38.    If Plaintiff prevails under any of his claims stated herein, he is entitled to recover his attorneys' fees and costs under the EAJA, as amended, 5 U.S.C. §504 and 28 U.S.C. §2412.

## VIII. CLAIMS FOR RELIEF

39.    Defendants DHS and USCIS have unreasonably delayed and failed to perform a mandatory action in completing Plaintiff's internal background security checks, thereby preventing the adjudication of Plaintiff's I-485 Adjustment Application, which was filed over three and one-half (3.5) years ago and depriving Plaintiff of lawful permanent resident status, as well as benefits conferred there from,

including the accrual of time to apply for U.S. citizenship.

40.    Defendants DHS and USCIS owe Plaintiff the duty to act and complete his background security checks and have unreasonably failed to perform these duties.

41.    Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants DHS' and USCIS' inaction.

WHEREFORE, Plaintiff prays that this Honorable Court:

(1)    Compel the Defendant DHS Secretary Chertoff and Defendant USCIS Acting Director Scharfen, and those acting under them, to perform their duty to complete security and background checks;

(2)    Grant such other and further equitable relief as this Court deems proper under the circumstances; and

(3)    Grant attorney's fees, expenses and costs of court, pursuant to the EAJA.

Aron A. Finkelstein, Esquire
DC Federal Bar No. 25560
Murthy Law Firm
10451 Mill Run Circle
Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorney for Plaintiff

11

# **Table Of Exhibits**

Affidavit of Raghuram Thammineni – 05/06/2008……...………….…………...     Exhibit A

I-485 Receipt Notice by Raghuram Thammineni – 10/06/2004……………….…     Exhibit B

USCIS NSC Email – 03/27/2007…………………………………………………     Exhibit C

USCIS NSC Email – 10/19/2007…………………………………………………     Exhibit D

Letter from US Senator Barbara Boxer regarding Raghuram Thammineni –     Exhibit E
03/15/2007…………………………………………………………………………

Letter from US Senator Barbara Boxer regarding Raghuram Thammineni –     Exhibit F
02/09/2008……………………………………………………………...…………

Letter from US Senator Diane Feinstein regarding Raghuram Thammineni –     Exhibit G
05/25/2007……………     ………………………………………………...…………

Letter from US Senator Diane Feinstein regarding Raghuram Thammineni     Exhibit H
06/15/2007…………………………………………………………...…………

Letter from US Senator Diane Feinstein regarding Raghuram Thammineni –     Exhibit I
12/14/2007…………………………………………………………...…………

End of Document

**State of California**                )
                                       )    SSN: 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
                                       )
**County of Orange**                   )

## AFFIDAVIT

I, Raghuram Thammineni, after being duly sworn, do hereby state and affirm that:

1. I am a citizen and national of India, aged 34 years, and am competent to testify to the facts herein.

2. I reside at 2404 E. Nutwood Avenue, in apartment I-14, in Fullerton, California 92831.

3. My date of birth is August 10, 1973, and I was born in India.

4. I filed my Form I-485 Application for Adjustment of Status on October 6, 2004, which has now been pending for more than three and a half (3.5) years.

5. My Form I-485 Application has been pending since October 6, 2004, and I have completed all steps and complied with all U.S. Citizenship and Immigration Service (USCIS) requests regarding my case.

6. I have been informed by multiple U.S government sources that my I-485 Application is being delayed because of an unreasonable agency delay in that the USCIS has not completed security checks on my case.

7. I have made numerous requests regarding the status of my delayed I-485 Application including:
   a. Contacting the USCIS' National Customer Service Center;
   b. Contacting the USCIS Nebraska Service Center through legal counsel;
   c. Making an official inquiry with U.S. Senator Dianne Feinstein; and
   d. Making an official inquiry with U.S. Senator Barbara Boxer.

8. Despite these repeated attempts, and a delay of over three and a half (3.5) years, my I-485 Application has not been adjudicated, due to this USCIS security check delay.

9. The USCIS' unreasonable delay in completing my security checks is preventing me from having my I-485 Application adjudicated, becoming a lawful permanent resident and, eventually, a U.S. citizen.

I AFFIRM under penalty of perjury and upon personal knowledge that the above statements and facts are true and accurate to the best of my knowledge, information and

belief.

Signature: _____
Raghuram Thammineni

Date: _____

STATE OF _____, CITY/COUNTY OF _____, TO WIT:

I HEREBY CERTIFY THAT on this __ day of _____, 2008, before me, a Notary Public of the aforesaid State and City/County, personally appeared _____ _____, known to me (or satisfactorily proven) to be the person whose name is _____, subscribed to the foregoing instrument, who acknowledged that s/he has executed it for the purposes therein set forth.

CAROLYN H. KANG
COMM. #1754229
Notary Public-California
ORANGE COUNTY
My Comm. Exp. July 26, 2011

_____
NOTARY PUBLIC

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | CASE TYPE |
|---|---|
| LIN-05-009-50352 | I485     APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |

| RECEIVED DATE | PRIORITY DATE | APPLICANT     A98 510 317 |
|---|---|---|
| October 6, 2004 | | THAMMINENI, RAGHURAM |

| NOTICE DATE | PAGE |
|---|---|
| October 13, 2004 | 1 of 1 |

KEVIN M. WILHELMI
LAW OFFICES OF KEVIN M WILHELMI
30665 NORTHWESTERN HIGHWAY STE 100
FARMINGTON HILLS MI 49334

Notice Type:   Receipt Notice

Amount received: $ 385.00
Section: Adjustment as direct
          beneficiary of immigrant
          petition

Receipt notice - If any of the above information is incorrect, call customer service immediately.

Processing time - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at uscis.gov.
  On our website you can also sign up to get free e-mail updates as we complete key processing
  steps on this case.
- Most of the time your case is pending the processing status will not change because we will be
  working on others filed earlier.
  We will notify you by mail when we make a decision on this case, or if we need something from you.
  If you move while this case is pending, call customer service when you move.
  Processing times can change. If you don't get a decision or update from us within our current
  processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you
contact us about this case.

Notice to all customers with a pending I-130 petition - USCIS is now processing Form I-130, Petition for Alien Relative,
as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping
a relative immigrate to the United States. Eligible family members must wait until there is a visa number available
before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will
allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay
the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to www.state.gov/travel
<http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our
website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative
petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NEBRASKA SERVICE CENTER
U. S. IMMIG. & NATZ. SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
Customer Service Telephone: 800-375-5283



Form I-797C (Rev. 08/31/04) N

MSN Hotmail -



br...@hotmail.com                                            Printed: Monday, June 25, 2007 11:45 AM

From :   CRIS <USCIS-SRMT@dhs.gov>
Sent :   Tuesday, March 27, 2007 9:00 AM
To :     TAMMI_RR@HOTMAIL.COM
Subject : Your recent inquiry (receipt #LIN-05-009-50352)


U.S. Department of Homeland Security
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services
Tuesday, March 27, 2007

Emailed to TAMMI_RR@HOTMAIL.COM

Dear M. THAMMINENI:

On 03/24/2007 you, or the designated representative shown below, contacted us
about your case.  Some of the key information given to us at that time was the
following:

Caller indicated they are:
-- The applicant

Attorney Name:
-- Information not available

Case type:
-- I485

Filing date:
-- 12/15/2004

Receipt #:
-- LIN-05-009-50352

Beneficiary (if you filed for someone else):
-- THAMMINENI, RAGHURAM

Your USCIS Account Number (A-number):
-- Information not available

Type of service requested:
-- Case Status - Outside Processing Time


The status of this service request is:

Based on your request we researched the status of this case.  We are actively
processing this case.  However, we have to perform additional review on this
case and this has caused a longer processing time.  If you do not receive a
decision or other notice of action from us within 6 months of this letter,
please call Customer Service at the number provided below.

If you have any further questions, please call the National Customer Service
Center at 1-800-375-5283.

Please remember:  By law, every person who is not a U.S. citizen and who is over
the age of 18 must also notify the Department of Homeland Security within 10
days from when they move (persons in "A" or "G" nonimmigrant status are exempt
from this requirement). If you have moved, please complete a Form AR-11 and mail
it to the address shown on that form.  If you do not have this form, you can

Your recent inquiry (receipt #LIN-05-009-50352)

**CRIS** (USCIS-CRIS@dhs.gov)

You may not know this sender. Mark as safe|Mark as unsafe

Fri 10/19/07 7:07 PM

TAMMI_RR@HOTMAIL.COM

U.S. Department of Homeland Security

Nebraska Service Center

P.O. Box 82521

Lincoln, NE 68501-2521

U.S. Citizenship and Immigration Services

Friday, October 19, 2007

Emailed to TAMMI_RR@HOTMAIL.COM

Dear M. THAMMINENI:

On 09/05/2007 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

Caller indicated they are:
-- Applicant or Petitioner

Attorney Name:
-- Information not available

Case type:
-- I485

Filing date:
-- 10/15/2004

Receipt #:
-- LIN-05-009-50352

Beneficiary (if you filed for someone else):
- THAMMINENI, RAGHURAM

Your USCIS Account Number (A-number):
-- Information not available

Type of service requested:

-- Outside Normal Processing Times

The status of this service request is:

Service records indicate that your fingerprints, name check and biometrics have cleared. Your application is pending and waiting to be assigned to an officer. You will be notified when a decision has been made or if additional information is needed. If you do not receive a decision or other notice of action from us within six months from the date of this letter, please contact customer service to complete another service request. Please make sure your name is on the mailbox for delivery.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form. If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. If you move, please call us with your new address information as soon as your move is complete. If you have already called us and given us this information, you do not need to call again.

U.S. Citizenship and Immigration Services

BARBARA BOXER
CALIFORNIA

COMMITTEE ON SCIENCE
AND TRANSPORTATION

ENVIRONMENT
AND PUBLIC WORKS

FOREIGN RELATIONS

# United States Senate

HART SENATE OFFICE BUILDING
SUITE 112
WASHINGTON, DC 20510-0505
(202) 224-3553
http://boxer.senate.gov/contact

March 15, 2007

Mr. Raghuram Thammineni
2404 Nutwood Ave. Apartment 114
Fullerton, California 92831

Dear Mr. Thammineni:

Enclosed please find the correspondence Senator Boxer received from the Nebraska Service Center of the U.S. Citizenship and Immigration Services in response to her inquiry on your behalf.

I hope this information is of assistance to you.

Sincerely,

Lucia C. Macias
Constituent Representative

## Macias, Lucia (Boxer)

From:
Sent:       Tuesday, February 20, 2007 2:24 PM
To:         Macias, Lucia (Boxer)
Subject:    #26729 RE: Mr. Raghuram Thammineni, A98 510 317, LIN-05-009-50352

Hello Lucia,

The following information is provided to assist in the response to the inquiry for Raghuram Thammineni. Service records indicate the I-485 application is currently pending additional security review.

The POC in the security review area has informed me that the case will not be released until the security issues have been resolved. Although the visa is available and the fingerprints and name checks have cleared the other security issues remain pending.

It should be noted that once the security issues have been resolved the case will be sent to an officer for final adjudication. Unfortunately at this time this is the only information released to me from the security review.

Please feel free to check the status of this case in another 60-90 days for movement with any of the Congressional Liaisons at the Nebraska Service Center.

Thank you for your continued patience while this case remains patience.

Congressional Liaison

# United States Senate

HART SENATE OFFICE BUILDING
SUITE 112
WASHINGTON, DC 20510-0505
(202) 224-3553
http://boxer.senate.gov/contact

February 9, 2008

Mr. Raghuram Thammineni
2404 Nutwood Ave, Apartment 114
Fullerton, California 92831

Dear Mr. Thammineni:

Enclosed please find the correspondence Senator Boxer received from the Nebraska Service Center of the U.S. Citizenship and Immigration Services in response to her inquiry on your behalf.

I hope this information is of assistance to you.

Sincerely,

Lucia C. Macias
Constituent Representative

## Macias, Lucia (Boxer)

From:

Sent:       Monday, February 04, 2008 12:47 PM

To:         Macias, Lucia (Boxer)

Subject:                                                  RE: Mr. Raghuram Thammineni, A98 510 317, LIN-05-009-
            50352

Lucia:

Service records show that the constituent's file is awaiting security clearance and is on a USCIS processing hold as of 03.21.07. I am sorry but I do not know the details of what the security issues might be. Please let the constituent know that we will process the application as soon as possible once the file clears security and the processing hold has been lifted.

Sincerely,


Congressional Liaison
Department of Homeland Security
Nebraska Service Center

**United States Senate**

WASHINGTON, DC 20510–0504

http://feinstein.senate.gov

May 25, 2007

Mr. Raghuram Thammineni
2404 East Nutwood Avenue, Apt. #1-14
Fullerton, California 92831

Dear Mr. Thammineni:

The Federal Bureau of Investigation has told me that your name check was completed on 2/10/06.

I hope that this information is helpful and that it will clarify the situation for you. If you have further questions, or if there is any way the Senator's office can help you in the future on other federal matters, I hope you will contact us again.

Sincerely,

/Morgan Galli
Constituent Services Representative

DIANNE FEINSTEIN
CALIFORNIA

COMMITTEE ON APPROPRIATIONS
COMMITTEE ON THE JUDICIARY
COMMITTEE ON RULES AND
ADMINISTRATION —CHAIRMAN
SELECT COMMITTEE ON INTELLIGENCE

# United States Senate

WASHINGTON, DC 20510-0504

http://feinstein.senate.gov

June 15, 2007

Mr. Raghuram Thammineni
2404 East Nutwood Avenue, Apt. #I-14
Fullerton, California 92831

Dear Mr. Thammineni:

The Nebraska Service Center has told me that they have received your completed FBI name check results and Citizenship and Immigration Services is currently reviewing the information received from the background checks.

I hope that this information is helpful and that it will clarify the situation for you. If you have further questions, or if there is any way the Senator's office can help you in the future on other federal matters, I hope you will contact us again.

Sincerely,

Morgan Galli
Constituent Services Representative

FRESNO OFFICE:
2500 TULARE STREET
SUITE 4290
FRESNO, CA 93721
(559) 485-7430

LOS ANGELES OFFICE:
11111 SANTA MONICA BOULEVARD
SUITE 915
LOS ANGELES, CA 90025
(310) 914-7300

SAN DIEGO OFFICE:
750 B STREET
SUITE 1030
SAN DIEGO, CA 92101
(619) 231-9712

SAN FRANCISCO OFFICE:
ONE POST STREET
SUITE 2450
SAN FRANCISCO, CA 94104
(415) 393-0707

# United States Senate

WASHINGTON, DC 20510-0504

http://feinstein.senate.gov

December 14, 2007

Mr. Raghuram Thamnineni
2404 East Nutwood Avenue, Apt. #1-14
Fullerton, California 92831

Dear Mr. Thamminenii:

The USCIS Nebraska Service Center has told me that matters concerning your eligibility are still under review. Once the review is complete your case will be released for adjudication.

I hope that this information is helpful and that it will clarify the situation for you. If you have further questions, or if there is any way the Senator's office can help you in the future on other federal matters, I hope you will contact us again.

Sincerely,

Jessica Hartzell
Constituent Services Representative

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| RAGHURAM THAMMINENI | Michael Chertoff, Secretary, US DHS; Jonathan Scharfen, Act. Dir., USCIS; and Gerard Heinauer, Dir., Nebraska Service Center |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Murthy Law Firm
10451 Mill Run Circle
Owings Mills, MD  21117

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ **A. Antitrust** | ○ **B. Personal Injury/ Malpractice** | ⊙ **C. Administrative Agency Review** | ○ **D. Temporary Restraining Order/Preliminary Injunction** |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☒ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ **E. General Civil (Other)** | OR | ○ **F. Pro Se General Civil** |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original    ○ 2 Removed    ○ 3 Remanded from    ○ 4 Reinstated    ○ 5 Transferred from    ○ 6 Multi district    ○ 7 Appeal to
   Proceeding       from State       Appellate Court       or Reopened       another district       Litigation       District Judge
                  Court                                  (specify)                             from Mag. Judge

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Mandamus Action under 28 U.S.C. Sec. 1361 challenging unreasonable    USCIS delay in processing background check and I-485 application

| **VII.  REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** ⌐ ⌐ ⌐ ⌐ ⌐ ⌐ ⌐ ⌐ ⌐<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐    NO ☐ |
|---|---|---|---|

**VIII.  RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE _____    SIGNATURE OF ATTORNEY OF RECORD    _____

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44

Authority for Civil Cover Sheet

    The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    **I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    **III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    **IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    **VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    **VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

    Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.